# RECORD IMPOUNDED

---

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

---

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2844-24

IN THE MATTER OF M.M.A.

_____

Submitted June 3, 2026 – Decided June 18, 2026

Before Judges Gummer and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Petition No. 1102-XTR-2025-000001.

Mark W. Catanzaro, attorney for appellant M.M.A.

Janetta D. Marbrey, Mercer County Prosecutor, attorney for respondent State of New Jersey (Jeffrey C. McElwee, Jr., Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

M.M.A. appeals from an April 14, 2025 order granting the State's petition

for a Final Extreme Risk Protective Order (FERPO) entered pursuant to the

Extreme Risk Protective Order Act of 2018, N.J.S.A. 2C:58-20 to -32.[1] The FERPO prohibits M.M.A. from owning or possessing a firearm or ammunition and revokes his New Jersey Firearms Identification Card. The State had sought the FERPO after a police officer received reports M.M.A. had made suicidal comments to his friends and family.

On appeal, M.M.A. faults the trial court for issuing a FERPO that was not supported by competent legal evidence; for rendering a decision without first ensuring the State had produced all relevant evidence, including recordings of a body-worn camera; for allowing the hearing to proceed even though M.M.A. purportedly did not have notice of all of the evidence presented; and for entering the FERPO without finding the factors set forth in N.J.S.A. 2C:58-23(f) or in applicable guidelines issued by the Administrative Office of the Courts, see Guidelines 3(d), 5. M.M.A. asks this court to vacate the FERPO and either dismiss the underlying petition or, alternatively, remand the case for a new hearing before a different judge.

---

[1] We use initials because "[a]ll records related to proceedings for [FERPOs] are confidential and may not be disclosed to anyone other than the [individual who is the subject of the order] . . . , except if good cause is found by the court to release such records." Admin. Off. of the Cts., Admin. Directive #19-19, Guidelines for Extreme Risk Protective Orders 9 (Aug. 12, 2019) (Guidelines); see also In re D.L.B., 468 N.J. Super. 397, 407 (App. Div. 2021).

As set forth in the State's letter memorandum in response to M.M.A.'s appeal, "the State has no objection to [M.M.A.]'s request that the matter be remanded to the trial court for further fact-finding pursuant to N.J.S.A. 2C:58-24."

Due to concerns about the completeness of the record before the court, the availability of and notice to M.M.A. about all relevant evidence, and the limited findings of the court, we are constrained to vacate the April 14, 2025 FERPO and remand for a new hearing and more complete findings based on the evidence presented at that hearing and applicable statutory and administrative factors. We express no opinion on the ultimate result of the court's further fact-finding. We reinstate the March 9, 2025 Temporary Extreme Risk Protective Order that was in place before the court issued the FERPO. Because the judge who entered the FERPO heard and considered the credibility of testimony presented in a plenary hearing before entering the order, we deem it appropriate to direct that the matter be assigned to a different judge on remand. See In re D.L.B., 468 N.J. Super. at 421 (after vacating a FERPO, this court remanded the case with an instruction it be assigned to a different judge).

Vacated and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

3

A-2844-24